IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD C. BELL,

    Plaintiff,               No. 2:12-cv-2732 CKD P

    vs.

GARY SWARTHOUT, et al.,

    Defendants.          ORDER

                         /

        Plaintiff is a state prisoner proceeding pro se seeking relief pursuant to 42 U.S.C. § 1983 and RLUIPA.  He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have a magistrate judge conduct all proceedings in this case.  See 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court has screened the complaint filed by plaintiff and finds that it does not contain a short and plain statement showing that plaintiff is entitled to relief as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Instead, plaintiff directs the court to exhibits attached to his complaint in an attempt to demonstrate how defendants violated his rights.  Plaintiff must demonstrate how defendants violated his rights in the body of his complaint, not by referencing other documents.  Plaintiff's complaint will be dismissed with leave to amend.  In the body of plaintiff's amended complaint, he must at least identify which rights he believes have been violated, how, and by whom.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff purports to bring his action on behalf of himself and 16 other inmates.  In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.  Plaintiff will be allowed to

1 proceed with this action. To the extent other persons identified in plaintiff's complaint wish to
2 bring claims similar to plaintiff, they must initiate their own actions.
3         In accordance with the above, IT IS HEREBY ORDERED that:
4         1. Plaintiff's request for leave to proceed in forma pauperis is granted.
5         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
6 All fees shall be collected and paid in accordance with this court's order to the Director of the
7 California Department of Corrections and Rehabilitation filed concurrently herewith.
8         3. Plaintiff's complaint is dismissed.
9         4. Plaintiff is granted thirty days from the date of service of this order to file an
10 amended complaint that complies with the requirements of this order, the Civil Rights Act, the
11 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
12 bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff
13 must file an original and two copies of the amended complaint; failure to file an amended
14 complaint in accordance with this order will result in a recommendation that this action be
15 dismissed.

Dated: February 14, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
bell1822.14